IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY | ) ) ) | |
| V. | ) ) | C.A. NO. 7:18-cv-236 |
| MARTIN COUNTY ENVIRNOMENTAL, LLC, VERONICA GREENLEE WILLIAMS, AS SURVIVING SPOUSE OF CARY JAMES GREENLEE AND KYLE GREENLEE | ) ) ) ) ) | JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff National American Insurance Company ("NAICO") and files its Original Complaint and states as follows:

### PARTIES

1. NAICO is a corporation duly organized and existing under the laws of the state of Oklahoma with its principal place of business located in Chandler, Oklahoma.

2. Defendant Martin County Environmental, LLC ("Martin") is a corporation duly organized and existing under the laws of the state of Texas with its principal place of business located in Midland, Texas and may be served with process though its registered agent Keith Shelton, 1441 County Road 4255, DeKalb, Texas 75559.

3. Defendant Veronica Greenlee Williams, as surviving spouse of Cary James Greenlee is an individual residing in the State of Texas and can be served at 237 Port Dr. Gun Barrel City, Texas 75156.

4. Defendant Kyle Greenlee is an individual residing in the State of Texas and can be served at 215 Sioux Trail, Mabank, Texas 75156.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that NAICO and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the Underlying Lawsuit is pending in Martin County and Defendant Martin has its principal place of business in Midland County.

## FACTUAL BACKGROUND

7. On or about May 8, 2018, NAICO issued to Martin a Texas Commercial Package Policy, policy no. OP65920142, with a policy period of May 8, 2018 to May 8, 2019 ("Primary Policy"). The Primary Policy contains commercial general liability coverage and business auto liability coverage. On or around the same time, NAICO issued to Martin a Texas Commercial Excess Policy, policy no. OU52180142, with a policy period of May 8, 2018 to May 8, 2019 ("Excess Policy").

8. On or around June 25, 2018, Veronica Greenlee Williams, as surviving spouse of Cary James Greenlee filed her Original Petition in the lawsuit *Veronica Greenlee Williams as surviving spouse of Cary James Greenlee v. Martin County environmental, LLC,* Cause No. 7256; In the 118th Judicial District Court of Martin, Texas ("Underlying Lawsuit"). On or around August 18, 2018, Kyle Greenlee filed his Petition in Intervention in the Underlying Lawsuit.

9. Martin has asserted that it is entitled to a defense and indemnification for the Underlying Lawsuit as an insured under the Primary and Excess Policies and NAICO is currently providing Martin with a defense pursuant to a reservation of rights

10. A dispute between the parties has arisen regarding whether NAICO has any duty to defend and/or indemnify Martin as a result of the allegations against it in the Underlying Lawsuit.

11. An actual controversy exists between the parties because NAICO believes that it has no obligation to defend and/or indemnify Martin from the allegations in the Underlying Lawsuit whereas Martin has demanded a defense and indemnity and has taken the position that there is coverage under the Primary and Excess Policies for the Underlying Lawsuit.

12. As a result of the coverage dispute herein, NAICO has been required to engage the services of the undersigned to prosecute this lawsuit and has been forced to incur reasonable, necessary and customary attorney's fees and expenses.

## CAUSES OF ACTION

13. NAICO incorporates by reference, as if fully set forth herein, paragraphs 1 through 12, inclusive.

14. In the Original Petition and the Petition in Intervention, Plaintiff and Intervenor seek recovery of only punitive damages pursuant to Section 408.001 of the Texas Labor Code as a result of the death of Cary James Greenlee.

15. Section 408.001 of the Texas Labor Code provides a cause of action for punitive damages against an employer in favor of an employee's heir resulting from the death of an employee on the job.

16. The Primary Policy's General Liability coverage form (CG 00 01 04 13) contains exclusion e which excludes from coverage any bodily injury to an employee of the insured during the course and scope of that employment. The Commercial Automobile Liability coverage form (CA 00 01 10 13) contains exclusion 4 which excludes from coverage any bodily injury to an employee of the insured during the course and scope of that employment.

17. The Excess Policy coverage form (CX 00 01 04 13) provides that it incorporates all of the limitations and exclusions that are contained in the primary policy. The Excess Policy also contains a Punitive or Exemplary Damages exclusion, form NA CX 13 08 10, which excludes from coverage punitive or exemplary damages.

18. The allegations in the Original Petition and Petition in Intervention (live pleadings) seek to recover against Martin exclusively pursuant Section 408.001 of the Texas Labor Code which only applies to claims by the heirs of an employee against the employer for the death of an employee during the course and scope of employment. As a result, the allegations are all excluded under the Primary and Excess Policies.

19. Plaintiff and Intervenor seek to recover only punitive damages which are specifically excluded under the Excess Policy.

21. As a result, NAICO has no duty to defend and/or indemnify Martin as a result of the Underlying Lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff National American Insurance Company respectfully prays that this Honorable Court declare that it has no duty to defend or duty to indemnify Martin for the Underlying lawsuit; that National American Insurance Company has no obligation to pay Plaintiff and/or Intervenor for any settlement or judgment they may obtain as a result of the Underlying Lawsuit; award National American Insurance

Company its reasonable, customary and necessary attorney's fees and expenses incurred in bringing this lawsuit and for such other and further relief this Court may deem just and proper.

Respectfully submitted,

By: */s/ Fred L. Shuchart*
    FRED L. SHUCHART
    SBN 18316250
**COOPER & SCULLY, P.C**.
815 Walker St., Suite 1040
Houston Texas 77002
(713) 236-6800
(713) 236-6880 *fax*
**ATTORNEYS FOR PLAINTIFF**
**NATIONAL AMERICAN**
**INSURANCE COMPANY**